UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-cr-71 (NEB/JFD)

UNITED STATES OF AMERICA,

        Plaintiff,                      PLEA AGREEMENT AND
                                            SENTENCING STIPULATIONS
v.

MAXWELL WINSTON BEARDSLEY,

        Defendant.

The United States of America and **MAXWELL WINSTON BEARDSLEY** agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal, state, or local agency.

        1.        **Charges**.  In exchange for the concessions of the United States contained in this plea agreement, the defendant voluntarily agrees to plead guilty to Count Two of the Indictment, which charges the defendant with Interstate Travel with Intent to Engage in a Sexual Act with a Minor, in violation of Title 18, United States Code, Section 2423(b). The defendant fully understands the nature and elements of the crime charged and is pleading guilty because he is guilty as charged.  The United States agrees to move to dismiss Count One—which carries a 10-year mandatory minimum—at sentencing, and not to the charge the defendant with any other crimes relating to his interactions with Minor A that are presently known to the government based on its current investigation.



2. **Factual Basis**. The defendant is pleading guilty because he is, in fact, guilty of Count Two of the Indictment. By pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

In late-2022, the defendant met Minor A on Omegle, a free online chat website that does not require user registration. The application randomly paired the defendant and Minor A in a one-on-one chat session. Minor A identified herself as a 13-year-old minor who was in the eighth grade. Despite being 21 years old, the defendant told Minor A that that he was a 16-year-old teenager. The defendant and Minor A traded explicit nude photographs and thereafter transitioned from conversing on Omegle to their private devices and applications such as TikTok.

The defendant continued to converse with Minor A and eventually evolved the relationship from "just friends" to "boyfriend and girlfriend." The defendant continued to engage Minor A in explicit sexual conversations that included exchanging sexually explicit photographs and video messages. The defendant eventually made plans to travel from his home in Michigan to the meet Minor A in Minnesota.

On or about January 27, 2023, the defendant drove from Michigan to Minnesota to meet Minor A. He rented a hotel room near Minor A's residence and met Minor A in person later that day. During their first meeting, the defendant spent a significant amount of time with Minor A. He took her to McDonald's and on a long walk to "talk about their lives." The defendant then dropped Minor A at a local area park near her residence. The next day, the defendant met Minor A at a Walmart. The defendant picked her up and then went to his hotel room to watch a movie. The defendant asked

Minor A if she wanted to have sex. She agreed. The defendant had condoms in his possession for this purpose and proceeded to have sex—at least twice—with Minor A. The defendant then dropped Minor A off at the movie theater where Minor A had told her parents she would be located.

The defendant met Minor A one more time the next morning to say goodbye before he returned to Michigan. Shortly thereafter, Minor A's parents discovered her electronic communications with the defendant and reported it to law enforcement. Law enforcement officers in Michigan confronted the defendant, who promptly confessed to his actions and wrote out a lengthy admission.

Accordingly, the defendant admits that, on or about January 27, 2023, he knowingly and intentionally traveled interstate with the intent to engage in a sexual act with a minor, as described in Count Two of the Indictment. He further stipulates and agrees that he acted voluntarily and knew that his actions violated the law.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement and based on the concessions of the government within this plea agreement, the defendant knowingly, willingly, and voluntarily waives his right to file and litigate pre-trial motions in this case.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to plead not guilty and go to trial. At trial, the defendant would be presumed innocent, have the right to a jury trial or—in certain circumstances—to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the

defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.  **Additional Consequences**. Because of this conviction, the defendant understands that he could experience additional consequences, such as losing the right to carry firearms, vote, serve on a jury, and hold public office.

6.  **Statutory Penalties**. The defendant understands that Count Two of the Indictment (Interstate Travel with Intent to Engage in a Sexual Act with a Minor, in violation of Title 18, United States Code, Section 2423(b)) carries the following maximum statutory penalties:

    a.  a maximum imprisonment term of 30 years;

    b.  a term of supervised release of at least 5 years and up to a maximum term of life;

    c.  a maximum fine of $250,000;

    d.  mandatory restitution to the victims of the offense;

    e.  a mandatory payment of $5,000 to the Domestic Trafficking Victims' Fund, if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014;

    f.  an assessment to the defendant for the costs of prosecution, as authorized by 28 U.S.C. §§ 1918(b) and 1920; and

    g.  a mandatory special assessment of $100.

7.  **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. The parties also

acknowledge that the Court will independently consider the United States Sentencing Guidelines in determining the appropriate sentence. Nothing in this plea agreement should be construed to limit the parties from presenting any relevant evidence to the Court at sentencing. The parties stipulate to the following guidelines calculations:

    a.    <u>Base Offense Level</u>. The parties agree that the base offense level is **24**. U.S.S.G. § 2G1.3(a)(4).

    b.    <u>Specific Offense Characteristics</u>. The parties agree that the base offense level should be increased **2 levels** because the defendant unduly influenced Minor A to engage in prohibited sexual conduct. U.S.S.G. § 2G1.3(b)(2).

            The parties agree that the base offense level should be increased **2 levels** because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of the minor to engage in prohibited sexual conduct. U.S.S.G. § 2G1.3(b)(3).

            The parties agree that the base offense level should be increased **2 levels** because the offense involved the commission of a sex act or sexual contact. U.S.S.G. § 2G1.3(b)(4).

    c.    <u>Chapter 3 Adjustments</u>. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

    d.    <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a **2-level reduction** for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Whether the reduction will be imposed shall be determined by the Court in its discretion. In exercising its discretion, the defendant understands that the Court likely will consider the following occurrences: (1) the defendant's truthful testimony during the change of plea and sentencing hearings; (2) the defendant providing full, complete, and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engaging in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

            The government also agrees to move for an additional **1-level reduction** because the defendant timely notified the government of his intention to plead guilty. U.S.S.G. § 3E1.1(b).

5

e. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History **Category I**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence that should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.

f. Guidelines Range. If the adjusted offense level is **27** (24+2+2+2-3), and the criminal history category is **I**, the resulting Guidelines range is **70-87 months of imprisonment**.

g. Fine Range. If the adjusted offense level is **27**, the Guidelines fine range is $25,000 to $250,000. U.S.S.G. § 5E1.2(c)(3).

h. Supervised Release. The Sentencing Guidelines recommend a supervised release term of at least 5 years and up to life. U.S.S.G. § 5D1.2(a)(2).

8. **Agreements as to Sentencing Recommendation.** The defendant reserves the right to make a motion for a departure or a variance from the applicable Guidelines range and to argue for a sentence outside the applicable Guidelines range. However, based on the concessions contained in this plea agreement, the defendant agrees to advocate for a sentence of no less than 60 months' imprisonment. The government agrees to argue for a sentence within the applicable Guidelines range. If the Court does not accept the sentencing recommendation of either party, the defendant will have no right to withdraw his guilty plea and the government cannot withdraw from the plea agreement.

9. **Revocation of Supervised Release**. The defendant understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

10. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory, and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart or vary from the applicable Guidelines range. If the Court determines that the applicable Guidelines calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11. **Special Assessment**. The Guidelines require payment of a special assessment of $100 for each felony conviction, which becomes due and payable upon sentencing. U.S.S.G. § 5E1.3. The defendant agrees to pay the $100 special assessment at the time of sentencing.

12. **Restitution**. The defendant understands and agrees that 18 U.S.C. § 2559 applies (Mandatory Restitution) and that the Court is required to order the

defendant to make restitution to the victims of the defendant's conviction. The defendant agrees that the Court may order the defendant to make restitution to any victims of his crime regardless of whether that victim is included in the count of conviction. 18 U.S.C. § 3663(a)(3). The parties are continuing to consult on the restitution amount owed to Minor Victim A and will have a final recommendation for the Court at the time of sentencing.

13. **Disclosure of Assets**. The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested, the defendant agrees to submit under oath to one or more asset interviews or depositions.

14. **Forfeiture**. The defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, the following:

    a.    any property, real or personal, that was used or intended to be used to commit or to facilitate his criminal conduct; and

b.  any property, real or personal, constituting or derived from any proceeds that the defendant obtained, directly or indirectly, as a result of his criminal conduct

If any of the above-described forfeitable property is unavailable for forfeiture, the defendant agrees that the United States may seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

15.  **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by the defendant of the substantive reasonableness of a term of imprisonment that exceeds the applicable Guidelines range. The defendant also waives the right to petition under 28 U.S.C. § 2255, except if such a petition is based upon a claim of ineffective assistance of counsel or a retroactive change in the law that makes the defendant's conviction or sentence illegal.

The defendant has discussed these rights with the defendant's attorney, understands the rights being waived, and waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal the substantive reasonableness of a term of imprisonment lower than the applicable Guidelines range.

16.  **Sex Offender Registration**. The defendant understands that by pleading guilty, the defendant will likely be required to register as a sex offender upon

9

his release from prison as a condition of his supervised release pursuant to Title 18, United States Code, Section 3583(d). The defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life.

17. **FOIA Requests.** The defendant knowingly, willingly, and voluntarily waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

18. **Complete Agreement**. The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: July 19, 2023

ANDREW M. LUGER
United States Attorney

BY: JORDAN L. SING
Assistant United States Attorney

Date: 7/19/23

MAXWELL WINSTON BEARDSLEY
Defendant

Date: 7/19/23

CHRISTA GROSHEK
Counsel for Mr. Beardsley